**FILED**
**SEP 02 2011**
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In Re:<br><br>Leticia Guadalupe Solano<br><br>Debtor/Respondent | CASE NO.: 2:11-bk-43267-VZ<br><br>CHAPTER 13<br><br>RESPONSE TO MOVANT'S REPLY AND REQUEST FOR CONTINUE HEARING DUE TO PREMATURE FILING OF MOVANT'S MOTION<br><br>Date: 09/06/2011<br>Time: 09:30 a.m.<br>Crtrm: 1368<br>Floor: 13th |

I, Leticia Guadalupe Solano the debtor in this case, declare under penalty of perjury as follows:

1.- On September 1, 2011 I received a letter from Glenn Wechsler dated August 26, 2011 with a copy of the Reply to Debtor's opposition that I filed in Court,

2.- Movant's motion has been filed before the 341(a) meeting of creditor. And this motion has been filed premature. And should be dismissed or continue after the meeting of creditors with the chapter 13 trustee.

3.- Also, the document received is in the legal language that I don't understand in its totality and more time needed to read it also requested.

4.- Because of the Movant's motion filed premature, and due to the complexity of the matter discussed on the motion, being our family house in dispute, I kindly request this Court to re-schedule the hearing after the 341(a) meeting of creditors., and because I need to consult with a good Bankruptcy Attorney to exercise my legal rights on this matter.

4.- My father is the real owner of the subject property and I as her daughter has the legal and moral rights to defend the estate of our family.

1

| In re:<br>Leticia Guadalupe Solano                    Debtor(s). | CHAPTER: 13<br>Case No. 2:11-bk-43267-VZ |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 3220 Wilshire Blvd., Los Angeles, CA 90010

The foregoing document described **RESPONSE TO MOVANT'S REPLY AND REQUEST FOR CONTINUE HEARING DUE TO PREMATURE FILING OF MOVANT'S MOTION**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On __09/02/2011__ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Glenn H. Wechsler
Law Offices of Glenn H. Wechsler
1646 North California Blvd., Ste 450
Walnut Creek, CA 94596

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 09/02/2011 | Daniel Perez | _[signature]_ |
|---|---|---|
| Date | Type Name | Signature |

Glenn H. Wechsler, State Bar No. 118456
Lawrence D. Harris, State Bar No. 153350
LAW OFFICES OF GLENN H. WECHSLER
1646 North California Blvd., Suite 450
Walnut Creek, California 94596
Phone: (925) 274-0200
E-mail: *larry@glennwechsler.com*

Attorneys for Secured Creditor
FEDERAL NATIONAL MORTGAGE ASSOCIATION,
its assignees and/or successors
in interest

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Bk. No. 2:11-bk-43267-VZ |
| LETICIA GUADALUPE SOLANO, | CHAPTER 13 |
| Debtor, | **REPLY TO DEBTOR'S OPPOSITION TO FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION FOR RELIEF FROM AUTOMATIC STAY TO PROCEED WITH EVICTION** |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, its assignees and/or successors in interest, | |
| Movant, | Hearing- |
| vs. | Date: September 6, 2011 |
| | Time: 9:30 a.m. |
| LETICIA GUADALUPE SOLANO, Debtor, and NANCY K. CURRY, Chapter 13 Trustee. | Place: U.S. Bankruptcy Court Roybal Federal Building 255 E. Temple Street Courtroom 1368 Los Angeles, CA 90012-332 |
| Respondents. | |

Secured Creditor and moving party FEDERAL NATIONAL MORTGAGE ASSOCIATION, its assignees and/or successors in interest ("FNMA") hereby respectfully submits its Reply to the Debtor's Opposition to FNMA's motion for relief from stay.

REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM STAY – PAGE 1 OF 3
CASE NO. 2:11-bk-43267-VZ

I. **DEBTOR HAD NO INTEREST IN THE PROPERTY AS OF THE DATE OF THE PETITION, AND HER CLAIMS TO TITLE ARE BEYOND THE SCOPE OF THIS PROCEEDING**

Debtor's contention that the lender acquired the property without Debtor's approval is without merit, to put it mildly. The facts are that FNMA purchased the subject Property at a trustee's sale, and its title has been duly perfected [Cal. Civil Code § 1161a(b)(3)].

Because Debtor failed to set aside the sale and did not own the Property when she filed her petition, the Property is not "property of the estate" [11 U.S.C. §541]. Admittedly, there has been no adjudication quieting title in the Debtor, and no such litigation has even been filed. Debtor's position is that she somehow retained title in spite of a recorded trustee's deed to the contrary. Merely alleging fraud or illegality in the sale proceedings is not enough to restore her title. Under California law, ***Debtor had no interest in the Property on the date the petition was filed.*** These issues of title are beyond the scope of a stay relief motion.

> Stay litigation is limited to issues of the lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization. Hearings on relief from the automatic stay are thus handled in a summary fashion. *In re Cedar Bayou, Ltd.*, 456 F. Supp. 278, 284 (W.D. Pa. 1978).

[*In re Johnson*, 756 F.2d 738, 740 (9th Cir. 1985)]

Here a trustee sale to the subject property occurred pre-petition, and FNMA was the purchaser. In a similar situation, the 9th Circuit BAP found that the debtor had no interest in the property that could be protected by the stay.

> The Property did not become property of his estate under § 541 because Hamilton had no interest in the Property as of the date of filing his bankruptcy petition. *Butner v. United States*, 440 U.S. 48, 99 S. Ct. 914, 59 L. Ed. 2d 136 (1979) (property rights are determined by reference to state law). Since the Property was not property of Hamilton's bankruptcy estate, it was not subject to the automatic stay. Therefore, the bankruptcy court had "cause" for lifting the automatic stay under § 362(d)(1) ... Here, Hamilton did not have equity in the at the time of filing his bankruptcy petition because, as stated above, *he no*

*longer held the title* to the Property as of the date of filing... Thus any equity that Hamilton had in the Property before the foreclosure sale was lost when Hernandez purchased it. Therefore, Hamilton did not have any equity in the Property for purposes of stay relief analysis.

[*In re: Hamilton*, 2005 Bankr. LEXIS 3427 at *8, *11 (9th Cir. BAP May 12, 2005)]

FNMA purchased the Property on September 20, 2010 and its title was "duly perfected" by recording the trustee's deed on September 24, 2010. This case was not filed until after the following events had occurred: (1) a trustee sale and the recording of a trustee's deed in favor of FNMA; and (2) a complaint in unlawful detainer was filed. As of August 4, 2011, the date of the filing of the voluntary petition herein, Debtor had no interest in the Property or right to possession under state law, and the Property did not pass into the estate. The Debtor cannot have equity in a property that she does not own. Filing a bankruptcy case solely for the purpose of delaying a landlord from obtaining possession is "abusive" and an improper purpose. *In Re: Smith*, 105 B.R. 50, 53 & 55 (Bankr. C.D. Cal. 1989). Cause exists for lifting the stay to allow the unlawful detainer proceedings to be completed, so that FNMA can obtain possession of the property, as provided by state law. The motion should be granted.

DATED: August 26, 2011

                       LAW OFFICES OF GLENN H. WECHSLER

                       By:   /s/ Lawrence D. Harris
                             LAWRENCE D. HARRIS

\\Dlink-88ee6e\data\EmilyT\Bankruptcy\Wamu\Esquivel 4639\BK #2\Reply to Opposition.doc

REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM STAY – PAGE 3 OF 3
CASE NO. 2:11-bk-43267-VZ

4.- All the allegations referred on the Movant's reply is without merit.

5.- I will attend the meeting of creditors and present the mortgage and plan payments as required by the Chapter 13 trustee.

Please re-schedule this hearing to the be hear after the 341(a) meeting of creditors is heard.

This declaration was executed on September 2, 2011 at Los Angeles, California.

_Leticia Guadalupe Solano_
Debtor

2

|    |    |    |
|----|----|----|
| 1  | Glenn H. Wechsler, State Bar No. 118456 | |
|    | Lawrence D. Harris, State Bar No. 153350 | |
| 2  | LAW OFFICES OF GLENN H. WECHSLER | |
|    | 1646 North California Blvd., Suite 450 | |
| 3  | Walnut Creek, California 94596 | |
|    | Phone: (925) 274-0200 | |
| 4  | E-mail: *larry@glennwechsler.com* | |
| 5  | Attorneys for Secured Creditor | |
|    | FEDERAL NATIONAL MORTGAGE ASSOCIATION, | |
| 6  | its assignees and/or successors | |
|    | in interest | |
| 7  | | |
| 8  | | |
| 9  | UNITED STATES BANKRUPTCY COURT | |
| 10 | CENTRAL DISTRICT OF CALIFORNIA | |

| | | |
|---|---|---|
| 12 | In re: | Bk. No. 2:11-bk-43267-VZ |
| 13 | | |
| 14 | LETICIA GUADALUPE SOLANO, | CHAPTER 13 |
| 15 | Debtor, | **CERTIFICATE OF SERVICE** |
| 16 | FEDERAL NATIONAL MORTGAGE | Hearing- |
| 17 | ASSOCIATION, its assignees and/or | Date: September 6, 2011 |
|    | successors in interest, | Time: 9:30 a.m. |
| 18 | | Place: U.S. Bankruptcy Court |
| 19 | Movant, | Roybal Federal Building |
|    | vs. | 255 E. Temple Street |
| 20 | | Courtroom 1368 |
| 21 | LETICIA GUADALUPE SOLANO, | Los Angeles, CA 90012-332 |
|    | Debtor, and NANCY K. CURRY, Chapter 13 | |
| 22 | Trustee. | |
| 23 | Respondents. | |
| 24 | | |
| 25 | | |
| 26 | /// | |
| 27 | /// | |
| 28 | /// | |

CERTIFICATE OF SERVICE – PAGE 1 OF 3
CASE NO.2:11-BK-43267-VZ

I, EMILY TETZEL, declare that:

I am employed in the County of Contra Costa, State of California. I am over the age of 18 and am not a party to the within action; my business address is 1646 N. California Blvd, Ste. 450, Walnut Creek, California 94596.

On August 26, 2011, I served the within **REPLY TO DEBTOR'S OPPOSITION TO FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION FOR RELIEF FROM AUTOMATIC STAY TO PROCEED WITH EVICTION, and CERTIFICATE OF SERVICE** on the interested parties in this action by placing true and correct copies in the United States Mail at Walnut Creek, California, addressed as follows:

[X]      (By E-Mail) through the Court's ECF Program

[X]      (By Mail [Federal]) I placed such envelope with postage thereon fully prepaid in the United States mail at Walnut Creek, California.

[X]      (By Mail [State]) I am readily familiar with the Law Offices of Glenn H. Wechsler's practice for the collection and processing of correspondence for mailing with the United States Postal Service; it is deposited with the United States Postal Service on the same date in the ordinary course of business at the business address shown above; I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing contained in this declaration.

[ ]      (By Personal Service) I caused such envelope to be delivered by hand to the addressee(s).

[X]      Executed on August 26, 2011, at WALNUT CREEK, California.

[X]      (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X]      (Federal) I declare that I am employed in the office of a member of the Bar at whose direction this service was made.

_____
EMILY TETZEL

CERTIFICATE OF SERVICE – PAGE 2 OF 3
CASE NO.2:11-BK-43267-VZ

CASE NO.: 2:11-BK-43267-VZ
DEBTOR: LETICIA GUADALUPE SOLANO

INTERESTED PARTIES

**SERVICE BY MAIL:**
**Leticia Guadalupe Solano**
4639 Pine St
Pico Rivera, CA 90660
**Debtor**

**SERVICE THROUGH THE COURT'S ECF SYSTEM:**
**Nancy K Curry**
Email: ecfnc@trustee13.com
**Chapter 13 Trustee**

**Office of the U.S. Trustee**
Email: ustpregion16.la.ecf@usdoj.gov
**U.S. Trustee**

**Judge's Copy:**
The Honorable Vincent P. Zurzolo
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street
Los Angeles, CA 90012-3332
**(Via Overnight Mail)**

\\Dlink-88ee6e\data\EmilyT\Bankruptcy\Wamu\Esquivel 4639\BK #2\certificate of service - reply.doc

CERTIFICATE OF SERVICE – PAGE 3 OF 3
CASE NO.2:11-BK-43267-VZ